ROBERT D. SCHACHT, JR., *et al.*, on Their Own Behalf and as Representatives of all Others Similarly Situated, Plaintiffs-Appellants, v. CATERPILLAR, INC., Defendant-Appellee.—JIMMEY D. GARRY, Plaintiff-Appellant, v. CATERPILLAR, INC., Defendant-Appellee.—CHARLES E. BINKLEY *et al.*, Plaintiffs-Appellants, v. CATERPILLAR, INC., Defendant-Appellee.—CHARLES E. BINKLEY *et al.*, Plaintiffs-Appellants, v. CATERPILLAR, INC., Defendant-Appellee.—WILLIAM WARDEN *et al.*, Plaintiffs-Appellants, v. CATERPILLAR, INC., Defendant-Appellee.

Third District Nos. 3—90—0431, 3—90—0466, 3—90—0659, 3—90—0668, 3—90—0669 cons.

Opinion filed May 20, 1991.

Gary L. Cline, of Londrigan, Potter & Randle, P.C., of Springfield (Michael D. Gifford, Alexandra de Saint Phalle, and Diane E. Greanias, of counsel), for appellants Robert D. Schacht, Jr., Barry W. Hansis, Roger D. Hoffman, and Patty Mikels.

Diane E. Greanias and Andrew J. Kleczek, of Kelley & Kleczek, both of Peoria, for appellants Charles E. Binkley, William Warden, Bruce Osgood, Candace Tolley, and William Trotter.

Michael D. Gifford, of Rochford & Associates, of Peoria, for appellant Jimmey D. Garry.

Theodore R. Johnson, of Caterpillar Tractor Company, of Peoria, and J. Stephen Poor, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Michael A. Warner, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

These consolidated appeals involve five separate actions brought against the defendant, Caterpillar, Inc., for alleged violations of the terms of certain "Apprenticeship Agreements." The plaintiffs are former and present employees of Caterpillar. In each of the actions, the trial court granted summary judgment for Caterpillar, finding, *inter alia*, that the plaintiffs' claims were preempted under section 301(a) of the Labor Management Relations Act of 1947 (LMRA) (29 U.S.C. §185(a) (1988)). The plaintiffs appeal from those judgments, and we affirm.

Although the procedural history of these cases are rather complex, they present this court with a single issue, whether the trial court properly determined that the plaintiffs' State-law contract claims were preempted under section 301(a) of the LMRA.

At various times in the late 1970's and early 1980's, the plaintiffs held positions as apprentices with Caterpillar. The terms of these apprenticeships were set forth in a standardized apprenticeship agreement entered into between each individual employee and Caterpillar. Among the provisions, the agreements provided for the grounds upon which the apprenticeships would be terminated. At all times relevant, the plaintiffs were members of one of three unions which represent employees at Caterpillar facilities. Because of economic difficulties experienced by Caterpillar in the early 1980's, Caterpillar laid off the plaintiffs pursuant to the layoff and seniority provisions of the applicable collective-bargaining agreement covering each plaintiff.

On March 20, 1985, 17 laid-off employees of Caterpillar filed an action in the circuit court of Peoria County. In their complaint, the plaintiffs alleged breach of contract on the part of Caterpillar for its failure to continue their employment and training pursuant to the written apprenticeship agreements. This action was designated *Binkley et al. v. Caterpillar* and is referred to as *Binkley I* by the parties.

Caterpillar attempted to remove the action to the United States District Court, contending the plaintiffs' actions were preempted by section 301(a). Caterpillar also filed a motion to dismiss the plaintiffs' claims. On September 26, 1985, the Federal district court denied Caterpillar's request for removal and remanded the actions of 14 of the plaintiffs to the Illinois circuit court. The court found that those plaintiffs who left the apprenticeship program prior to the effective date of the 1983 collective-bargaining agreement had individual employment

contracts, and thus, State causes of action. The court held that their claims were not preempted by section 301(a).

The district court dismissed the claims of three of the plaintiffs, including plaintiff Charles Binkley. The court found that these plaintiffs' apprenticeship agreements were merged into the 1983 collective-bargaining agreement. These three plaintiffs later refiled their action in the circuit court alleging the same breach of contract claims. This action is referred to as *Binkley II*.

Plaintiffs William Warden and Bruce Osgood filed complaints against Caterpillar on August 9, 1986. This action is referred to as *Warden*. *Binkley I*, *Binkley II* and *Warden* were consolidated for discovery purposes by the trial court.

Meanwhile, four plaintiffs filed a complaint against Caterpillar on February 26, 1986. Eventually, this action was certified as a class action and will be referred to as *Schacht*.

Plaintiff Jimmey Garry filed a complaint against Caterpillar on December 11, 1989, and this case will be referred to as *Garry*.

On January 19, 1990, the *Schacht* plaintiffs filed a motion for judgment on the pleadings. On April 30, 1990, the plaintiffs in *Binkley I*, *Binkley II* and *Warden* filed motions for summary judgment. Caterpillar filed motions for summary judgment in all five causes of action, including *Garry*. In the motions for summary judgment, Caterpillar argued that the plaintiffs' causes of action were preempted under section 301(a) of the LMRA. In addition, Caterpillar maintained that the actions were also preempted under the National Labor Relations Act.

On May 30, 1990, without comment Judge Courson granted Caterpillar's motion for summary judgment in the *Garry* case. On June 6, 1990, Judge McDade entered an order denying the *Schacht* plaintiffs' motion for judgment on the pleadings and granting Caterpillar's motion for summary judgment. The trial court found, *inter alia*, that because resolution of plaintiffs' claims depended on interpretation of the applicable collective-bargaining agreement's provisions for lay off and seniority, plaintiffs' claims were preempted by section 301(a). Based on his findings and decision in the *Schacht* case, Judge McDade granted Caterpillar's motions for summary judgment in *Binkley I*, *Binkley II* and *Warden* on August 31, 1990. As initially indicated, these five cases were consolidated for purposes of this appeal.

On appeal, the plaintiffs contend the trial court erred in finding that their claims were preempted under section 301(a).

Section 301(a) provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an in-

dustry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. §185(a) (1988).

Recently, the United States Supreme Court succinctly stated its section 301 jurisprudence:

> "Over 30 years ago, this Court held that §301 not only provides the federal courts with jurisdiction over controversies involving collective-bargaining agreements but also authorizes the courts to fashion 'a body of federal law for the enforcement of these collective bargaining agreements.' [Citation.] Since then, the Court has made clear that §301 is a potent source of federal labor law, for though state courts have concurrent jurisdiction over controversies involving collective-bargaining agreements [citation], state courts must apply federal law in deciding those claims [citation], and indeed any state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under §301 [citation]. State law is thus 'pre-empted' by §301 in that only the federal law fashioned by the courts under §301 governs the interpretation and application of collective-bargaining agreements." *United Steelworkers of America v. Rawson* (1990), 495 U.S. 362, 368, 109 L. Ed. 2d 362, 372-73, 110 S. Ct. 1904, 1909.

In *Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1904, the Supreme Court held that when resolution of a State-law claim is substantially dependent upon analysis of the terms of a collective-bargaining agreement, that claim must either be treated as a section 301 claim or dismissed as preempted by Federal labor-contract law.

The plaintiffs contend that their breach of contract actions are based solely on the alleged breach of the apprenticeship agreements, and that resolution of their claims does not require interpretation of the applicable collective-bargaining agreement. The plaintiffs assert that the apprenticeship agreements did not provide for the termination of the apprenticeships based on economic reasons.

The plaintiffs cite *Caterpillar, Inc. v. Williams* (1987), 482 U.S. 386, 96 L. Ed. 2d 318, 107 S. Ct. 2425, and the earlier decision of the district court in *Binkley I* to support their argument that Caterpillar's preemption defense has been rejected. We note, however, that the issue in both cases was removal jurisdiction, not the substantive merits

of a preemption defense. We also note that the district court's decision was issued prior to *Williams*.

The plaintiffs also cite as support for their assertion the decision of another Federal district court in collateral proceedings arising out of the same controversy. (Order entered August 6, 1987, in *Jones et al. v. Caterpillar*, No. 86—3047.) The district court in that case also held that the action was not properly removable.

■■ The plaintiffs misconstrue the scope of the decision in *Williams*. In *Williams*, the plaintiffs alleged that Caterpillar had breached individual contracts, and filed a complaint in State court. Caterpillar attempted to remove the action to the Federal court by alleging the cause of action was preempted by section 301. The Supreme Court found that the action could not be removed because the plaintiffs' claims, standing alone, did not arise under Federal law. The Court reiterated "that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (Emphasis in original.) (*Williams*, 482 U.S. at 393, 96 L. Ed. 2d at 327, 107 S. Ct. at 2430.) Absent diversity, the determination that jurisdiction is based on a Federal question is governed by the well-pleaded complaint rule, under which the Federal question must be presented on the face of the plaintiff's properly pleaded complaint. *Williams*, 482 U.S. 386, 96 L. Ed. 2d 318, 107 S. Ct. 2425.

After finding that the plaintiffs' complaint did not state a Federal claim on its face, the *Williams* court stated, "It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. But the presence of a federal question, even a section 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Williams*, 482 U.S. at 398-99, 96 L. Ed. 2d at 331, 107 S. Ct. at 2433.

■■ While a cause of action may not be removable based on a section 301(a) preemption defense, that does not mean that the cause of action is not preempted under section 301(a). Thus the only question before the Court in *Williams*, and before the district court in *Binkley I*, was whether removal jurisdiction existed. Any discussion of the merits of Caterpillar's preemption defense by the district court is

*dicta.* On the other hand, in the instant cases, we are now presented with the substantive merits of Caterpillar's preemption defense. We must determine whether the trial courts below correctly found that the resolution of the plaintiffs' State-law contract claims are substantially dependent upon analysis of the applicable collective-bargaining agreement.

The plaintiffs allege that the termination of their participation in the Caterpillar apprenticeship program was in violation of the terms of the apprenticeship agreements. They contend their action is based solely on breach of this agreement. However, Caterpillar responds that they were laid off from employment with Caterpillar under the lay-off and seniority provisions of the applicable collective-bargaining agreement.

■■ The plaintiffs argue that the apprenticeship agreements are separate employment contracts which do not require interpretation of the collective-bargaining agreement. We cannot agree. The plaintiffs availed themselves of many of the benefits available under the collective-bargaining agreement. Many of the terms of their employment were derived from the collective-bargaining agreement. The nature of the relationship between the apprenticeship agreements and the collective-bargaining agreements of necessity requires an interpretation of those collective-bargaining agreements. That interpretation is governed by Federal labor law and any State-law action in such circumstances is preempted by section 301(a). We cannot resolve this issue under State-law contract principles.

■■ As an aside, we agree with Judge McDade's finding that the apprenticeship agreements were made within the context of the collective-bargaining agreements, and that the plaintiffs' employment remained subject to the terms and conditions of the collective-bargaining agreements. We agree that the apprenticeship agreements were not completely separate and independent agreements. The plaintiffs' reliance on *Belknap, Inc. v. Hale* (1983), 463 U.S. 491, 77 L. Ed. 2d 798, 103 S. Ct. 3172, is misplaced. *Belknap* concerned the issue of preemption under the National Labor Relations Act, not section 301(a). Nor do we find *Berda v. CBS Inc.* (3d Cir. 1989), 881 F.2d 20 persuasive. The *Berda* court relies on the reasoning of *Williams* without distinguishing the fact that *Williams* was a removal action, while the *Berda* court was presented with the substantive issue of the preemption defense.

Because we find the trial courts below correctly granted Caterpillar's motions for summary judgment, in that plaintiffs' claims were

preempted by section 301(a), we need not address the other issues and arguments raised by the parties.

For the foregoing reasons, the judgments of the circuit court of Peoria County are affirmed.

Affirmed.

McCUSKEY and HAASE, JJ., concur.