No. 91–1090. Schacht et al. *v.* Caterpillar, Inc.; and

No. 91–1095. Binkley et al. *v.* Caterpillar, Inc. App. Ct. Ill., 3d Dist. Certiorari denied. Reported below: 213 Ill. App. 3d 169, 571 N. E. 2d 1215.

Justice White, with whom Justice Blackmun joins, dissenting.

These cases present the question whether, following our decision in *Caterpillar Inc.* v. *Williams,* 482 U. S. 386 (1987), a state-law cause of action is pre-empted under § 301 of the Labor Management Relations Act by a defense based on a collective-bargaining agreement. A state-law cause of action is pre-empted under § 301 if its resolution is "substantially dependent on analysis of a collective-bargaining agreement." *Electrical Workers* v. *Hechler,* 481 U. S. 851, 859, n. 3 (1987). See also *Allis-Chalmers Corp.* v. *Lueck,* 471 U. S. 202, 220 (1985).

In the decision below, petitioners based their claims solely on state law, but respondent's defense invoked the provisions of a collective-bargaining agreement. The Illinois court held that

petitioners' state-law claims were pre-empted under § 301 because their resolution was substantially dependent on interpretation of the applicable collective-bargaining agreement. 213 Ill. App. 3d 169, 175–176, 571 N. E. 2d 1215, 1218 (1991). Several Federal Courts of Appeals similarly have held that a court must look to defenses to determine whether a claim requires interpretation of a collective-bargaining agreement. See, *e. g., Smith* v. *Colgate-Palmolive Co.*, 943 F. 2d 764, 769–771 (CA7 1991); *Hanks* v. *General Motors Corp.*, 859 F. 2d 67, 70 (CA8 1988).

By contrast, the Court of Appeals for the Third Circuit, relying on our decision in *Caterpillar Inc.* v. *Williams*, has held that "in order for there to be section 301 preemption, the plaintiff, in its well-pleaded complaint, must plead an action that requires interpretation of the collective bargaining agreement." That court accordingly examined the claims presented in the complaint and found no § 301 pre-emption. *Berda* v. *CBS Inc.*, 881 F. 2d 20, 25 (1989). See also *McCormick* v. *AT & T Technologies, Inc.*, 934 F. 2d 531, 545 (CA4 1991) (en banc) (Phillips, J., dissenting). The Illinois court below expressly rejected the reasoning of *Berda.*

I would grant certiorari to resolve this conflict.