C. MICHAEL JONES *et al.*, Plaintiffs-Appellants, v. CATERPILLAR TRACTOR COMPANY, Defendant-Appellee.

Fourth District   No. 4—92—0408

Opinion filed February 4, 1993.

Stephen M. Tillery and Mark M. Silvermintz, both of Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, of East St. Louis, and Ray Moss & Associates, P.C., of Clinton (Garry W. Bryan, of counsel), for appellants.

J. Stephen Poor and John T. Murray, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (Michael A. Warner, of counsel), and Theodore R. Johnson, of Caterpillar, Inc., of Peoria, for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiffs filed a complaint against defendant Caterpillar Tractor Company (defendant), for allegedly violating certain terms of their apprenticeship agreements and for misrepresentation. The trial court

granted summary judgment for defendant on the basis of *Schacht v. Caterpillar, Inc.* (1991), 213 Ill. App. 3d 169, 571 N.E.2d 1215, *appeal denied* (1991), 141 Ill. 2d 560, 580 N.E.2d 134, *cert. denied* (1992), 503 U.S. 926, 117 L. Ed. 2d 644, 112 S. Ct. 1506. Plaintiffs appeal this award of summary judgment. We affirm.

Plaintiffs are former and present employees of defendant. At various times between 1978 and 1982, each plaintiff entered into defendant's apprentice training program. The terms of the apprenticeships were set forth in a standardized apprenticeship agreement entered into between each individual employee and defendant. Among its provisions, the agreement provided that the trainee would receive wages according to the current applicable schedule of rates contained in the collective-bargaining agreement, and defendant would teach and instruct plaintiffs for the entire training period specified in the agreement. Of particular importance to this case was an additional provision which provided:

> "[Defendant] reserves the right to separate the TRAINEE from the Training Course for failure to maintain the standards of the course including but not limited to: unsatisfactory work, inability to acquire the necessary knowledge for graduation, improper conduct, indifferences to factory rules and regulations, insubordination, or any other justifiable reason."

Upon completion of the training program, the agreement specified that defendant intended to offer the trainee job placement. The type of placement would depend upon the openings available, the ability and progress displayed during training, and the graduate's desires.

In the early 1980's, defendant experienced economic difficulties and in response laid off employees pursuant to the layoff and seniority provisions in the central collective-bargaining agreement and related provisions of the local agreements. Plaintiffs were terminated at various times from the training program during these layoffs.

During the layoffs, defendant and the union had two collective-bargaining agreements in effect. The first was effective December 15, 1979, and its successor was effective April 19, 1983. Each plaintiff during his employment was a member of a collective-bargaining unit represented by the International Union, United Automobile, Aerospace, and Agricultural Workers of America, Local 751 (Union). While serving as apprentices, plaintiffs continued to hold membership in the Union and to pay Union dues.

In response to the layoffs, 45 of the laid-off apprentices filed an action in State court against defendant for common law breach of contract. The complaint consisted of 45 counts, one for each plaintiff,

alleging defendant breached their apprenticeship agreements by failing and refusing to employ them as apprentices and by failing and refusing to provide them training or allow them to complete the training program. Defendant subsequently petitioned to remove the action to the United States District Court. It contended that plaintiffs' terms and conditions of employment, including removal and termination from the apprenticeship program, were governed by the collective-bargaining agreement and that the apprenticeship agreements were subsumed by it. Therefore, the action was preempted under section 301(a) of the Labor Management Relations Act, 1947 (LMRA) (29 U.S.C. §185(a) (1988)) and was within the exclusive jurisdiction of the Federal courts.

Plaintiffs moved to remand the action. They argued that their apprenticeship agreements were separate and independent of any collective-bargaining agreement, and, therefore, their claims were not preempted. The Federal district court ordered the action remanded to the State court based on the authority of *Caterpillar, Inc. v. Williams* (1987), 482 U.S. 386, 96 L. Ed. 2d 318, 107 S. Ct. 2425. It found that plaintiffs' State-law claims for breach of the individual apprenticeship contracts did not implicate the applicable collective-bargaining agreement nor were they completely preempted by section 301(a) of the LMRA. Plaintiffs' motion for remand, therefore, was allowed. *Jones v. Caterpillar, Inc.* (C.D. Ill. Aug. 7, 1987), No. 86—3047 (order allowing motion for remand).

Defendant then filed an answer to the complaint and raised as an affirmative defense that plaintiffs' claims were preempted by section 301(a) of the LMRA and that plaintiffs failed to allege the prerequisites to suit under that section. Plaintiffs later filed a motion for summary judgment, and defendant filed a cross-motion for summary judgment, again arguing that plaintiffs' claims for breach of the apprenticeship agreements were preempted by section 301(a) of the LMRA. The trial court denied both motions for summary judgment. In so ruling, it found that the apprenticeship agreements were not "subsumed" into the collective-bargaining agreement, and the claims, therefore, were not preempted.

On July 25, 1989, plaintiffs filed an amended complaint. Each of the 45 plaintiffs alleged one count of misrepresentation and one count of breach of contract. Defendant subsequently filed a motion requesting the court to reconsider the order denying its motion for summary judgment and in the alternative asking it to certify the issue for appeal. The trial court certified the issue of "[w]hether the resolution of this case requires the interpretation of a collective[-]bargaining agree-

ment and, accordingly, whether the suit is preempted by Section 301 of the [LMRA]" for interlocutory appeal. On October 23, 1989, this court denied defendant's petition for leave to appeal. (*Jones v. Caterpillar, Inc.* (1989), No. 4—89—0792 (order of clerk denying petition for leave to appeal).) Defendant then answered the amended complaint and again asserted the affirmative defense of preemption.

On October 30, 1989, the trial court granted plaintiff's motion to join 120 additional persons and to supplement its amended complaint. Each new plaintiff filed one count of misrepresentation and one count of breach of his or her apprenticeship agreement. Defendant answered the supplement to the amended complaint and reiterated its affirmative defense of preemption. On December 9, 1991, defendant filed a renewed motion for summary judgment, asserting that plaintiffs' claims were preempted by section 301(a) of the LMRA. To support its contention, it cited the recent *Schacht* decision and filed volumes of materials from the *Schacht* record. The trial court granted defendant's renewed motion for summary judgment on the basis of the *Schacht* decision, and this appeal followed.

Summary judgment is properly granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c); see also *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871; *Wright v. St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis* (1992), 229 Ill. App. 3d 680, 682, 593 N.E.2d 1070, 1072.) Because it is a drastic means of disposing of litigation, summary judgment should only be granted "when the right of the moving party is clear and free from doubt." (*Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871; *Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 271, 586 N.E.2d 1211, 1215; *Logan v. Old Enterprise Farms, Ltd.* (1990), 139 Ill. 2d 229, 233, 564 N.E.2d 778, 780.) The proper standard of review for evaluating the propriety of the trial court's entry of summary judgment is *de novo*. (See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 102; *Illinois Municipal League Risk Management Association v. Seibert* (1992), 223 Ill. App. 3d 864, 869, 585 N.E.2d 1130, 1134; *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 824, 585 N.E.2d 1164, 1167.) A reviewing court will reverse an order granting summary judgment when it finds the existence of a genuine issue of material fact. *Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 31, 476 N.E.2d 413, 419.

On appeal, plaintiffs contend the third district in *Schacht* and the trial court in the present case erred in determining that State-law claims based on the apprenticeship agreements are preempted by section 301(a) of the LMRA. Ostensibly, plaintiffs claim that their layoffs violated their individual apprenticeship agreements because the agreements did not state that they could be terminated from the program for economic reasons. Rather, they could only be terminated from the program for failure to meet the standards of the course. Their claims, therefore, are based solely on the alleged breach of the apprenticeship agreements which are completely separate and independent from the collective-bargaining agreement. Since the resolution of their claims is not substantially dependent upon the applicable collective-bargaining agreement, nor do they require an interpretation of the agreement, plaintiffs contend their claims are not preempted.

Conversely, defendant argues that plaintiffs' claims cannot be resolved without the trial court interpreting the collective-bargaining agreement. It contends the collective-bargaining agreement continued to apply to the plaintiffs after they entered the apprenticeship program and that plaintiffs were laid off according to its layoff and seniority provisions. Since resolution of plaintiffs' claims would involve an analysis and interpretation of the collective-bargaining agreement, defendant maintains the trial court correctly determined the claims were preempted by section 301(a) of the LMRA.

*Schacht* and the present case are factually identical. In *Schacht*, 17 laid-off employees filed an action against Caterpillar for failing to continue their employment and training pursuant to their apprenticeship agreements. The issue on appeal was whether the trial court properly determined that plaintiffs' State-law contract claims were preempted under section 301(a) of the LMRA. *Schacht*, 213 Ill. App. 3d at 171-72, 571 N.E.2d at 1216-17.

The third district held that resolution of plaintiffs' State-law based claims required interpretation of the collective-bargaining agreement and were therefore preempted by section 301(a) of the LMRA. In so holding, it stated:

"The plaintiffs argue that the apprenticeship agreements are separate employment contracts which do not require interpretation of the collective-bargaining agreement. We cannot agree. The plaintiffs availed themselves of many of the benefits available under the collective-bargaining agreement. Many of the terms of their employment were derived from the collective-bargaining agreement. The nature of the relationship between the apprenticeship agreements and the collective-bargaining

agreements of necessity requires an interpretation of those collective-bargaining agreements. That interpretation is governed by Federal labor law and any State-law action in such circumstances is preempted by section 301(a). We cannot resolve this issue under State-law contract principles." *Schacht*, 213 Ill. App. 3d at 175, 571 N.E.2d at 1218.

As an aside, the court asserted that it agreed with the trial court's finding "that the apprenticeship agreements were made within the context of the collective-bargaining agreements, and that plaintiffs' employment remained subject to the terms and conditions of the collective-bargaining agreements." (*Schacht*, 213 Ill. App. 3d at 175, 571 N.E.2d at 1218.) It also agreed that the apprenticeship agreements were not completely separate and independent agreements. Accordingly, the appellate court found the trial court's entry of summary judgment was appropriate. *Schacht*, 213 Ill. App. 3d at 175, 571 N.E.2d at 1218.

We agree with the decision in *Schacht* and hold that plaintiffs' claims are preempted under section 301(a) of the LMRA. Plaintiffs, contend, however, that the *Schacht* court wrongly decided the case because it misapplied the "substantially dependent" test delineated in *Allis-Chalmers Corp. v. Lueck* (1985), 471 U.S. 202, 85 L. Ed. 2d 206, 105 S. Ct. 1904, failed to identify specific contract provisions in the collective-bargaining agreement needed to resolve their claims, and failed to specify how the apprenticeship agreement was dependent upon the collective-bargaining agreement for interpretation. Further, they contend *Schacht* overlooks the fact that the apprenticeship agreements are separate and complete contracts from the collective-bargaining agreement. We do not believe the *Schacht* court misapplied the test delineated in *Lueck*, and in applying the test to the present case, we find, as did the *Schacht* court, plaintiffs' claims are preempted.

Section 301(a) of the LMRA provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." (29 U.S.C. §185(a) (1988).)

The supreme court has held that this section not only confers jurisdiction on Federal courts to hear controversies involving collective-bargaining agreements but also authorizes Federal courts to fashion a

body of Federal law for the enforcement of these collective-bargaining agreements. *Textile Workers Union v. Lincoln Mills* (1957), 353 U.S. 448, 450-51, 1 L. Ed. 2d 972, 977-78, 77 S. Ct. 912, 914-15.

The preemptive effect of section 301(a) of the LMRA was first analyzed in *Local 174 v. Lucas Flour Co.* (1962), 369 U.S. 95, 7 L. Ed. 2d 593, 82 S. Ct. 571. In that case, the Court held that suits involving a violation of a provision of a collective-bargaining agreement must be brought under section 301(a) and resolved by reference to Federal law to ensure uniform interpretation of collective-bargaining agreements and to promote the peaceable, consistent resolution of labor-management disputes. *Lucas Flour*, 369 U.S. at 103-04, 7 L. Ed. 2d at 598-99, 82 S. Ct. at 576-77.

■■ Following *Lucas Flour*, the Supreme Court held that the preemptive effect of section 301(a) extended beyond suits alleging contract violations and reached certain claims sounding in tort. "Any other result would elevate form over substance and allow parties to evade the requirements of [section] 301 by relabeling their contract claims as claims for tortious breach of contract." (*Lueck*, 471 U.S. at 211, 85 L. Ed. 2d at 215, 105 S. Ct. at 1911.) Thus, the Court adopted the following rule: "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a [section] 301 claim, [citation], or dismissed as preempted by federal labor-contract law." (*Lueck*, 471 U.S. at 220, 85 L. Ed. 2d at 221, 105 S. Ct. at 1916; see also *Williams*, 482 U.S. at 396, 96 L. Ed. 2d at 328, 107 S. Ct. at 2431; *International Brotherhood of Electrical Workers v. Hechler* (1987), 481 U.S. 851, 859 n.3, 95 L. Ed. 2d 791, 801 n.3, 107 S. Ct. 2161, 2167 n.3; *Lingle v. Norge Division of Magic Chef, Inc.* (1988), 486 U.S. 399, 405-06, 100 L. Ed. 2d 410, 418-19, 108 S. Ct. 1877, 1881.) The Court has made it clear, however, that not every dispute concerning employment, or tangentially involving a provision of the collective-bargaining, is preempted by section 301. (*Lueck*, 471 U.S. at 211-13, 85 L. Ed. 2d at 215-16, 105 S. Ct. at 1911-12.) "[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for [section] 301 pre-emption purposes." *Lingle*, 486 U.S. at 410, 100 L. Ed. 2d at 421, 108 S. Ct. at 1883.

■ In determining whether plaintiffs' claims are "substantially dependent" upon an analysis of the collective-bargaining agreement, an examination of the claims is necessary. The misrepresentation count in the present case alleged defendant represented that if plaintiffs entered into the apprenticeship training program defendant

would instruct plaintiffs for the entire training period subject to defendant's right to separate them from the course only for failure to maintain its standards. Plaintiffs assert defendant made these representations knowing them to be false and that it would separate plaintiff from the program for reasons other than plaintiffs' failure to maintain the standards of the course. The breach of contract count alleged that plaintiffs and defendant entered into an agreement in which defendant promised to instruct plaintiffs for the entire training period set forth in the contract subject to defendant's right to separate plaintiffs from the program only for failure to maintain the standards of the course. After entering into the agreement, defendant breached the contract by terminating plaintiffs from the program for reasons other than failure to maintain the standards of the course.

At first blush, it might appear from the language of the complaint that plaintiffs' claims fall outside section 301 of the LMRA, and that resolution of those claims does not involve an interpretation or construction of the collective-bargaining agreement. It is true that plaintiffs base their claims solely on State law, and that neither claim relies upon the collective-bargaining agreement, nor do they address the relationship between the apprenticeship agreements and the collective-bargaining agreement. Further, the individual apprenticeship agreements make no reference to the collective-bargaining agreement except for the wage scale. Yet, in determining whether plaintiffs' termination from the apprenticeship program was in violation of the terms of the apprenticeship agreement, the nature of the relationship between the apprenticeship agreement and the collective-bargaining agreement must necessarily be examined. This will require an interpretation of the collective-bargaining agreement, which is governed by Federal law and preempted by section 301(a). This is not the sort of tangential relationship to the collective-bargaining agreement referred to by the Court in *Lingle*.

Moreover, the allegations of the complaint alone will not always resolve the preemption issue. The defenses, as well as the claims, must be considered in determining whether resolution of the State-law claim requires construing the collective-bargaining agreement. See *Hanks v. General Motors Corp.* (8th Cir. 1988), 859 F.2d 67, 70; *Smith v. Colgate-Palmolive Co.* (7th Cir. 1991), 943 F.2d 764, 769-71; *Lingle*, 486 U.S. at 405-07, 100 L. Ed. 2d at 418-19, 108 S. Ct. at 1881-82 (finding that neither the elements of the tort nor the defense to the tort required an interpretation of the collective-bargaining agreement); *Williams*, 482 U.S. at 398, 96 L. Ed. 2d at 331, 107 S. Ct. at 2433 (when a defense to a State-law claim is based on the

terms of a collective-bargaining agreement, the State court will have to interpret the agreement to determine if the State-law claim survives); but see *Berda v. CBS Inc.* (3d Cir. 1989), 881 F.2d 20, 25; *McCormick v. AT & T Technologies, Inc.* (4th Cir. 1991), 934 F.2d 531, 545 (*en banc*) (Phillips, J., dissenting).

Defendant contends that plaintiffs were laid off pursuant to the layoff and seniority provisions of the applicable collective-bargaining agreement. This defense clearly implicates the collective-bargaining agreement so that its interpretation is required to resolve the dispute at hand. Moreover, there is no provision in the apprenticeship agreements or the collective-bargaining agreements specifically exempting apprentices from the provisions of the collective-bargaining agreement. Therefore, resolution of plaintiffs' claims would be substantially dependent upon the collective-bargaining agreement so that the claim would be preempted. Summary judgment, therefore, was appropriate.

■ As to the fraudulent misrepresentation count, one of the elements of fraudulent misrepresentation is that the injured party justifiably relied on the false statement. (*Seefeldt v. Millikin National Bank* (1987), 154 Ill. App. 3d 715, 719, 506 N.E.2d 1052, 1055.) In determining whether reliance is reasonable, courts must look to all the relevant circumstances surrounding the alleged misrepresentation. (*Seefeldt*, 154 Ill. App. 3d at 719, 506 N.E.2d at 1055.) Since defendant alleges plaintiffs were still covered by the collective-bargaining agreement, which contained a provision for layoffs, it would seem necessary that to properly review plaintiffs' claims the court would need to evaluate the collective-bargaining agreement to determine whether it was reasonable for plaintiffs to believe that they could not be terminated from the apprenticeship program for economic reasons. This claim therefore is also preempted.

Plaintiffs also argue that the *Schacht* court applied an erroneously restrictive view of *Williams*. They argue that the supreme court in *Williams* determined that contract claims based on agreements separate from the collective-bargaining agreement were not dependent upon an interpretation of the collective-bargaining agreement and therefore not preempted.

In *Williams*, former employees brought suit against Caterpillar in State court alleging it breached their individual employment contracts. Caterpillar sought to remove the action to Federal court arguing that removal was proper because the action was preempted by section 301 of the LMRA. *Williams*, 482 U.S. at 390-91, 96 L. Ed. 2d at 325-26, 107 S. Ct. at 2428.

In determining that the case should be remanded, the Supreme Court focused on whether the complaint standing alone fell within the scope of section 301(a). The Court noted that, absent diversity, the presence or absence of Federal question jurisdiction was governed by the "well-pleaded complaint rule." This rule provides that Federal jurisdiction exists only when a Federal question is presented on the face of the plaintiff's properly pleaded complaint. The Court further stated "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (Emphasis in original.) *Williams*, 482 U.S. at 393, 96 L. Ed. 2d at 327, 107 S. Ct. at 2430.

The Court distinguished a corollary to the well-pleaded complaint rule—the "complete preemption" doctrine. Under this doctrine, the Court has concluded that the preemptive force of a statute is so extraordinary that it converts a State-law complaint into one stating a Federal claim for purposes of the well-pleaded complaint rule. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Williams*, 482 U.S. at 393, 96 L. Ed. 2d at 328, 107 S. Ct. at 2430.

The Court held respondents' State-law contract claims were not "completely preempted" by section 301(a) of the LMRA. Section 301(a) governs claims founded directly on rights created by collective-bargaining agreements, and also claims " 'substantially dependent on analysis of a collective-bargaining agreement.' " (*Williams*, 482 U.S. at 394, 96 L. Ed. 2d at 328, 107 S. Ct. at 2431, quoting *International Brotherhood of Electrical Workers v. Hechler* (1987), 481 U.S. 851, 859 n.3, 95 L. Ed. 2d 791, 801 n.3, 107 S. Ct. 2161, 2167 n.3.) Since respondents' claims were based solely on *individual* contracts, distinct from the collective-bargaining agreement, and their complaint was not "substantially dependent" upon an interpretation of the collective-bargaining agreement, the Court found the claims fell outside the complete preemption doctrine. *Williams*, 482 U.S. at 394, 96 L. Ed. 2d at 328, 107 S. Ct. at 2431.

Having disposed of the complete preemption doctrine, the Supreme Court returned to the question of whether, under the well-pleaded complaint rule, respondents' suit had a Federal jurisdictional basis. It concluded that because the respondents' well-pleaded complaint sounded entirely on State law their suit did not arise under sec-

tion 301(a) and could not be removed to Federal court. *Williams*, 482 U.S. at 399, 96 L. Ed. 2d at 331, 107 S. Ct. at 2433.

■ The *Schacht* court distinguished *Williams* by noting that it dealt with removal jurisdiction and did not reach the substantive merits of a preemption defense. Moreover, it found that while a cause of action may not be removable based on a section 301(a) preemption defense, that did not mean that the cause of action was ultimately preempted under section 301(a). Because the issue before *Williams* was removal jurisdiction, any discussion of the merits of the preemption defense was *dictum*. (*Schacht*, 213 Ill. App. 3d at 173-75, 571 N.E.2d at 1217-18.) We agree that *Williams* does not address the merits of this case for the reasons cited by the *Schacht* court.

Moreover, we note that *Williams* specifically stated that it did not intimate a view on the merits of Caterpillar's defense that section 301 preempts a State-law claim when the employer raises a defense that requires the interpretation or application of the collective-bargaining agreement or any of the other preemption arguments discussed. Rather, it asserted that these questions should be addressed by the State court in the first instance. (*Williams*, 482 U.S. at 398 n.13, 96 L. Ed. 2d at 331 n.13, 107 S. Ct. at 2433 n.13.) It accordingly recognized that when a defense to a State-law claim is based on the collective-bargaining agreement courts will have to interpret that agreement to decide whether the State claim survives. *Williams*, 482 U.S. at 398, 96 L. Ed. 2d at 331, 107 S. Ct. at 2433.

Defendant also asserts various other reasons why the trial court's decision should be affirmed. Because we agree plaintiffs' claims were preempted under section 301(a) of the LMRA, we need not address these other issues.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.